THOMAS F. MCCOY, as State Administrator and Secretary to the Administrative Board of the Judicial Conference of the State of New York, Plaintiff, v. ROBERT D. HELSBY et al., Constituting the Public Employment Relations Board, Defendants.

Third Department, June 2, 1970.

*Lawrence N. Marcus* for plaintiff.

*Jerome Lefkowitz* for defendants.

*Szold, Schapiro & Coster* (*John J. Coster* of counsel), for Court Officers and Court Clerks Council, *amicus curiae*.

COOKE, J. This is a submission of a controversy upon an agreed statement of facts pursuant to CPLR 3222. The sole issue for determination is whether the Public Employees' Fair Employment Act (Civil Service Law, art. 14, commonly known as the Taylor Act, which became effective September 1, 1967

except for section 205 which became effective on April 21, 1967) applies to nonjudicial employees of the unified court system.

On December 18, 1968, about 300 probation officers in New York City did not report to work, the stoppage apparently being intended to support demands for higher salaries. The Administrative Board of the Judicial Conference directed that a day's pay be deducted from the salaries of the absentees but this has not been carried out '' in order not to further jeopardize the collective negotiations which are still continuing to this date.'' On May 5, 1969 the counsel to the Public Employment Relations Board, sometimes referred to as PERB, asked the counsel of the Administrative Board whether it contemplated filing charges against the Probation and Parole Officers Association of Greater New York for engaging in a strike in violation of the Taylor Act (Civil Service Law, § 210, subd. 1). On July 2, 1969 the latter counsel replied that no charges would be filed '' since it is felt that the provisions of the Taylor Law do not apply to the judicial branch of government or its employees.''

The Legislature clearly intended that the statute apply to the judicial branch. The Governor's Commission on Public Employee Relations, which drafted the legislation, specifically noted that the term '' State employees '' included, not only persons employed by the 20 State departments, but also those employed by the legislative and judicial branches (Final Report [March 31, 1966] of the Governor's Commission on Public Employee Relations, p. 13). As defined by statute (§ 201, subd. 7), '' public employer '' includes the State of New York and '' any other public corporation, agency or instrumentality or unit of government which exercises governmental powers under the laws of the state.'' A '' public employee '' means any person holding a position by appointment or employment in the service of a public employer, except the State militia (§ 201, subd. 8). The language of the statute is too plain, and the legislative intent too clear, to permit a construction excluding the judicial branch from its operation (cf. *Matter of Shea* v. *Falk,* 10 A D 2d 142, affd. 8 N Y 2d 1071).

Every statute is presumed to be constitutional, every intendment is in favor of its validity and nothing but a clear violation of the Constitution will justify a court in overruling the legislative will (*Farrington* v. *Pinckney,* 1 N Y 2d 74, 78). The Administrative Board, however, contends that the Taylor Act, if applied to the judicial branch, would contravene section 28 of article VI of the Constitution, which states, in part, that '' the authority and responsibility for the administrative supervision of the unified court system for the state shall be vested

in the administrative board of the judicial conference." The Report of the Joint Legislative Committee on Court Reorganization (Jan. 30, 1962, p. 3) indicated that this amendment would empower the court "(a) to transfer cases from one court to another, (b) to assign judges of one court to another, (c) to assign non-judicial personnel of the courts from one court to another" and "vests in the Administrative Board and the four Appellate Divisions the inclusive power of ' administration and operation of the courts ' " (McKinney's 1962 Session Laws of N. Y., p. 3415). According to this report, the amendment would permit the grant by the Legislature of administrative powers to the Administrative Board (*supra,* pp. 3416–3417). This is an important distinction since, if the amendment is not self-effecting and requires a legislative grant of powers, the Legislature could rescind powers which it had granted by earlier enactments (*City of New York* v. *Maltbie,* 274 N. Y. 90, 97).

Even if the amendment does not require implementing legislation, it would not compel the urged construction. The Constitution vests in the Governor broad powers to administer the executive branch of the State Government, but the Court of Appeals has upheld PERB's power to designate appropriate bargaining units for employees in the executive departments (*Matter of Civil Serv. Employees Assn.* v. *Helsby,* 32 A D 2d 131, affd. 25 N Y 2d 842). Certainly the powers granted to the Administrative Board by section 28 of article VI are not broader than the executive powers of the Governor under article IV (see N. Y. Const., art. IV, §§ 1, 3).

The Administrative Board also argues that the Court of Appeals has already ruled that it possesses constitutional authority to designate appropriate bargaining units for its employees, citing *Matter of Kleinman* v. *McCoy* (19 N Y 2d 292) and *Matter of Goldstein* v. *Lang* (23 A D 2d 483, revd. 16 N Y 2d 735). These decisions involved a construction of section 212 of the Judiciary Law, which authorized the Administrative Board, in exercising its administrative functions, to adopt standards and policies relating to personnel practices " consistent with the civil service law." In *Goldstein,* it was held that " consistent with " did not mean " governed by " the Civil Service Law. The Appellate Division's dissenting opinion, adopted by the Court of Appeals, stated (p. 485) that " the [administrative] board cannot appoint or promote nonjudicial personnel to competitive positions in the civil service without the necessary examinations nor can it remove such personnel except in the manner and with the safeguards provided in the applicable statutes." The Administrative Board's authority

to designate appropriate employer-employee negotiating units was not granted by the Constitution, but by section 212 of the Judiciary Law. Since the Legislature granted this power to the Administrative Board, it can, and did, rescind it by the enactment of the Taylor Act (*City of New York, v. Maltbie, supra*).

Judgment should be directed in favor of defendants, declaring that defendants, constituting the Public Employment Relations Board, have the authority, pursuant to chapter 392 of the Laws of 1967, to prefer charges and hold hearings with respect to a purported strike by nonjudicial employees of the uniform court system, without costs.

REYNOLDS, J. P., AULISI, STALEY, JR., and SWEENEY, JJ., concur.

Judgment directed in favor of defendants, declaring that defendants, constituting the Public Employment Relations Board, have the authority, pursuant to chapter 392 of the Laws of 1967, to prefer charges and hold hearings with respect to a purported strike by nonjudicial employees of the uniform court system, without costs.